IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CARLA GACHUPIN,

        Plaintiff,

vs.                                                                   No. CIV-04-1216 JC WDS

SANDOVAL COUNTY, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the Defendants' Second Motion to Dismiss, under FED. R. CIV. P. 12(b)(6), filed January 31, 2005 (*Doc.* 5). Defendants move to dismiss this case in part on the following grounds: 1) Plaintiff brought duplicative claims under Title VII and state law; 2) Plaintiff brought suit against individual Defendants under Title VII and the New Mexico Human Rights Act; and 3) Plaintiff's claims brought under state law fail because no waiver of immunity exists for such claims. The Court having reviewed the Motion to Dismiss, the memoranda submitted by the parties, and the relevant authorities grants the Motion to Dismiss in part and denies it in part.

**I.**    **Background**

This is an employment suit based on Plaintiff's complaints of gender-based harassment, discrimination, and wrongful discharge. Plaintiff is suing Sandoval County, New Mexico. Additionally, Plaintiff is suing the following Sandoval County Commissioners in their individual capacities only: Jack E. Thomas, Daymon Ely, William Sapien, David Bency and Elizabeth

Johnson. Plaintiff is also suing the following defendants in their individual and official capacities: Lee Yardman, Alex Madrid, Alfonso Shije, Chris Miller, Lisa Vornholt (Director of Public Works), and Tami Gerard (Director of Human Resources).

Plaintiff was employed as a heavy equipment operator by the Sandoval County Public Works Department from December 26, 2000 through October 24, 2003. Plaintiff believes she was the only female to ever work as a heavy equipment operator for Sandoval County Public Works. Plaintiff claims that during her employment, she was subjected to continuous discrimination and harassment by her lead foreman, Defendant Yardman. Plaintiff also claims that Defendant Yardman went so far as to physically batter Plaintiff by pulling her by the leg off a dirt embankment. Plaintiff claims that when she reported this incident to Defendant Gerard, Gerard responded that no action was necessary. Plaintiff further claims that Defendant Madrid persistently sexually harassed her with licentious statements. Because Plaintiff had to travel to secluded areas with Defendant Madrid for their work and was concerned for her personal safety, Plaintiff claims she informed Defendant Yardman of Defendant Madrid's behavior. Although this behavior was further reported to Field Director Miller, no action was taken, and Plaintiff claims that Defendant Madrid continued to harass her throughout her employment, without reprisal.

Plaintiff claims that another co-worker, Defendant Shije, would frequently physically rub up against her and intimidate her when the two worked together in isolated areas. Plaintiff informed Defendant Yardman of Shije's behavior and of her belief that Shije attended work intoxicated. After informing Defendant Yardman of this behavior, Shije and Plaintiff continued to work together in a two-person team. Plaintiff claims that approximately one month before she was discharged, Defendant Shije sexually battered her and threatened to "go after her" if she

2

reported his actions to anyone. Mem. at 4. Plaintiff did not inform her employer of Defendant Shije's actions, but did reiterate her unwillingness to work with him.

Plaintiff further claims that she was constantly belittled by co-workers and supervisors throughout her employment and prevented from operating heavy equipment she was certified to use, but instead delegated to menial and less desirable assignments. When Plaintiff was able to use the heavy equipment, she claims she was given machines that did not operate properly or was assigned difficult projects, but not given the appropriate machinery to complete the tasks.

On October 24, 2003, Plaintiff was granted, at her request, a conference with Defendants Gerrard and Vornholt to discuss her grievances. Plaintiff claims that during this meeting, her complaints were not addressed, but instead her work history and job competency were called into question. Plaintiff further claims that during this meeting she was told that she was the problem for always complaining. Because of this Plaintiff was further told she would not be able to retain her position, but instead had the option to accept a demotion at the Sandoval County Landfill. Plaintiff claims that when she refused, she was ordered to write her own resignation. After Plaintiff tendered her resignation, she left the office and did not return to work. Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission on July 27th, 2004 and timely filed this lawsuit.

Counts I through V of Plaintiff's Complaint allege pursuant to Title VII of the Civil Rights Act of 1964, as amended, sex discrimination and harassment resulting in a hostile work environment by Sandoval County, the Sandoval County Board of Commissioners, and the individual named Defendants. Counts I through V also allege retaliation resulting in a constructive discharge by Sandoval County, the Sandoval County Board of Commissioners and

the individual named Defendants.  Count VI alleges that Sandoval County breached their contract of employment with the Plaintiff by terminating her for reasons other than just cause.  Counts VII, IX, X, XI and XIV allege violations of state torts, including Constructive Discharge and Wrongful Termination; Intentional Infliction of Emotional Distress; Assault; Battery; and Negligent Supervision and Retention as perpetrated by Sandoval County and the individual Defendants.  Counts VIII, XII and XIII allege that Sandoval County and its employees violated the New Mexico Human Rights Act (NMHRA), by both sexually discriminating against and harassing the Plaintiff, as well as retaliating against her by creating a hostile work environment and constructively discharging her. N.M.S.A. 1978, § 28-1-7.

In response, Plaintiff agrees to dismiss Counts I and VIII as duplicative.  Resp. at 3.  Plaintiff further agrees that all Title VII and NMHRA claims should not be brought against any individuals. *Id*. Plaintiff also withdraws Count XII and voluntarily dismisses Counts IX, X and XI against all individual defendants, excluding Defendant Shije and Defendant Madrid.  Resp. at 8.  This leaves the consideration of Counts II through V with respect to the Defendant Sandoval County; Counts VI, VII, and XIV as to all Defendants; and Counts IX through XI with respect to Defendants Shije and Madrid.  Count XIII, as brought against Sandoval County only, is undisputed.

**II. Standard of Review**

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In deciding a motion to dismiss under

Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton,* 173 F.3d at 1236.

**III. Discussion**

    **A.**    **Duplicative Claims Under Title VII and State Law**

Defendants argue that Plaintiff has brought Counts I, III and IV for the same cause of action and that Counts II and V both exist for the identical claim of retaliation. Plaintiff concedes that Count I is duplicative. Resp. at 3. This leaves the consideration of whether Count III: a Title VII claim of Sex Discrimination and Count IV: a Title VII claim of Sexual Harassment are duplicative as well. Defendants argue that a claim of gender discrimination under Title VII does not exist independently, but must fall under the category of sexual harassment or the creation of a hostile work environment. Plaintiff correctly notes that gender discrimination and sexual harassment can be tried as separate claims. *See Sprague v. Thorn Americas*, 129 F.3d 1355, 1361-1362 (10th Cir. 1997). The counts actually brought by Plaintiff, however, are strikingly similar. Count III alleges sex discrimination resulting in a hostile work environment while Count IV alleges sexual harassment resulting in a hostile work environment as well. Both counts are, in fact, identical with the exception of the exchange of words "discrimination" and "harassment."[1] Additionally, Plaintiff's Count XII, brought under the New Mexico Human Rights Act, which parallels the Civil Rights Act of 1964 in reasoning and structure, merged the two claims into one

---

[1]Count III reads: "The aforementioned actions of Sandoval County and its employees constitute unlawful sexual discrimination, creating a hostile work environment..." while Count IV reads: "The aforementioned actions of Sandoval County and its employees constitute unlawful sexual harassment, creating a hostile work environment..." Resp. at 9-10.

of "sexual discrimination and harassment." Indeed, the counts are arguably distinct, but truly without difference. Therefore, the Court construes that Plaintiff has one claim of sexual discrimination and harassment resulting in a hostile work environment, which should fall under Count IV, and dismisses Count III with prejudice.

The Defendants further claim that Counts II and V are identical claims for retaliation. Under Title VII, retaliation is described as one cause of action. *See* 42 U.S.C. § 2000e-3. While the two counts alleging retaliation are not worded as exactly similar as the two previous hostile work environment counts, they are still alleging the same activity and seeking the same relief. Both counts assert that in violation of 42 U.S.C. § 2000e5(f), 28 U.S.C. et seq, Plaintiff was constructively discharged for retaliatory motives. Therefore, the Court acknowledges that Counts II and V are identical claims for retaliation and dismisses Count II with prejudice.[2]

### B.    Individual Suits under Title VII and the New Mexico Human Rights Act

As Defendants and Plaintiff agree, individual capacity suits in Title VII claims are inappropriate, and as the NMHRA applies the same legal standard, those claims are invalid as well. As noted above, Plaintiff agrees that no claims should be brought individually under Title VII or the NMHRA. Therefore, Counts I through V, VIII, XII and XIII are dismissed with prejudice as to all individual Defendants.

### C. Waiver of Immunity for State Law Claims

#### 1.    Breach of Contract Claim

In New Mexico, government entities are immune from suit in actions based on contracts,

---

[2] A numbering discrepancy in the text of Part II of Plaintiff's response does not mention Count II as the counts that Plaintiff wishes to argue are not duplicative; the Court assumes, however, that Plaintiff meant Counts two through five and not Counts three through six.

except when the actions are based on valid written contracts. N.M.S.A. 1978, § 37-1-23(A). Defendants argue that Count VI, alleging a breach of employment contract to terminate for just cause only between Plaintiff and Sandoval County fails because of the lack of the existence of a valid written contract. In New Mexico, an employment contract rests for "an indefinite period and is terminable at the will of either party unless a contract exists stating otherwise." *Garcia v. Middle Rio Grande*, 121 N.M. 728, 731 (1996) (citing *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668 (1993)). There are two exceptions, however, to the employment at will doctrine, which do not require a valid written contract to bring suit: 1) wrongful discharge in violation of public policy (retaliatory discharge) and 2) an implied contract term that restricts the employer's power to discharge. *Garcia*, 121 N.M. at 731. Here, Plaintiff meets both exceptions. Although, as Defendants note, Plaintiff did tender her own resignation letter, Plaintiff alleges that this was a constructive retaliatory discharge for her complaints about her working environment. This satisfies the first exception. Further, Plaintiff seeks to show that an implied contract was created by the Sandoval County personnel manual. As stated in *Garcia*, whether an implied contract exists from a personnel manual for the purposes of the implied contract exception to the employment at will doctrine is a question of fact. *Id*. at 731-732. Because this is a Rule 12(b)(6) motion, the court looks at the alleged facts in a light most favorable to the Plaintiff, and thereby decides that Plaintiff falls under the second exception as well. Therefore, Count VI, as against Sandoval County, survives dismissal.

      **2.    State Tort Claims**

Plaintiff concedes that all Defendants have immunity as to Counts IX through XI, excluding Defendants Shije and Madrid in their individual capacities. Resp. at 7-8. This leaves

Count VII and Count XIV which Plaintiff seeks to allege against all Defendants. Count VII is a claim of a constructive discharge and wrongful termination, while Count XIV is a claim for negligent supervision and retention.  As Defendants correctly allege in their response, the only method by which Plaintiff can seek a claim for these torts is under the New Mexico Tort Claims Act. N.M.S.A. 1978 § 41-4-17A.  This Act applies because all Defendants are either employees of a governmental entity or the entity itself.  The Act provides immunity to the Defendants unless this immunity is specifically waived by the Act.  The waivers of immunity listed in the act are limited to eight specific instances, none of which apply to the charges brought under Counts VII and XIV. *See* N.M.S.A. 1978, § 41-4-1, et seq.[3]  Therefore, these counts are dismissed with prejudice as to all defendants.

Regarding Counts IX through XI as applied to Defendants Shije and Madrid, which are the state tort claims of Intentional Infliction of Emotional Distress, Assault, and Battery, it follows that the same reasoning used above would apply.  As Plaintiff notes, however, Defendants did not mention Shije and Madrid in the caption of the original motion to dismiss (*Doc*. 5) or in Defendants' reply.  It appears then that Defendants did not intend for Shije and Madrid, in their individual capacities, to be included in the dismissal motion as to Counts IX through XI.  Therefore, Counts IX through XI remain as against Defendants Shije and Madrid in their individual capacities.

---

[3]The eight specific categories are 1) negligent operation or maintenance of any motor vehicle, aircraft or watercraft; 2) negligent operation or maintenance of any building, public park, machinery, equipment or furnishings; 3) negligent operation of airports; 4) negligent operation of public utilities and services; 5) negligent operation of medical facilities; 6) negligent provision of health care services; 7) negligence during the construction or maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area; and 8) certain damages caused by law enforcement officers.  N.M.S.A. 1978 §41-4-1, et seq.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss, filed January 31, 2005 is **granted in part.**

**IT IS FURTHER ORDERED** that Counts I, II, III, VII, VIII, XII, and XIV are dismissed with prejudice as to all Defendants. Counts IV, V, VI and XIII remain only as to Defendant Sandoval County and Counts IX, X, and XI remain only as to Defendants Shije and Madrid in their individual capacities.

DATED this 20th day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

>Rachel E. Higgins, Esq.
>Albuquerque, New Mexico

Counsel for Defendants:

>William D. Slease, Esq.
>Jonlyn M. Martinez, Esq.
>Slease & Martinez, P.A.
>Albuquerque, New Mexico